Glendon **MORRISON** and Freda Morrison, individually and as next friend on behalf of their minor child, Connie Lynn Morrison, individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

**L. L. VINCENT,** Commissioner, West Virginia Department of Welfare, et al., Defendants.

Civ. A. No. 68–81.

United States District Court
S. D. West Virginia,
Charleston Division.
June 12, 1969.

**542**

John L. Boettner, Jr., A. Andrew Mac-Queen III, and Donald D. Saxton, Jr., Legal Aid Society, Charleston, W. Va., for plaintiffs.

C. Donald Robertson, Atty. Gen. of West Virginia, and Thomas B. Yost, Asst. Atty. Gen., Charleston, W. Va., for defendants.

Before BOREMAN, Circuit Judge, and FIELD and CHRISTIE, District Judges.

PER CURIAM:

The plaintiffs, parents of a dependent child and the dependent child herself, bring this action pursuant to 28 U.S.C. § 2201 and 42 U.S.C. § 1983, on behalf of themselves and as a class action on behalf of all others similarly situated, Fed.R.Civ.P. 23. They seek a judgment declaring that certain provisions in the West Virginia Code,[1] and the West Virginia Family Services Manual,[2] which

1. The statutory provisions here under attack include W.Va.Code, Ch. 9, art. 5, § 5(a)(4), which is as follows:

    (a) A dependent child shall be eligible for public assistance who:

    (4) Has resided in the State for one year immediately preceding application for public assistance; or, was born within one year immediately preceding the application of a mother who resided within the State for one year immediately preceding such birth; or, was born within one year immediately preceding the application, if the parent or other relative with whom the child is living has resided in the State for one year immediately preceding such birth.

and Ch. 9, art. 6, §§ 2–3, which are as follows:

§ 2. *Definition of general relief.*

"General relief" shall mean care and assistance to an indigent person who is a resident of the county and who is in fact and is found to be by the county council:

(1) A public charge, or in danger of becoming a public charge, or

(2) In need of continuing institutional care because of his physical or mental condition, or

(3) In need of medical or surgical care whether in an institution or in his home.

Unless the county council specifically assumes responsibility in writing, it shall not be charged with or responsible for cost of transportation or support of a person institutionalized by another committing authority.

§ 3. *Legal residence.*

For the purpose of this article, a person shall be a resident of a county if he actually resides therein and has resided in the State for the year next preceding application.

Whenever funds are specifically made available for that purpose, the State department may extend the authority of a county council to grant general relief to include persons who have not been residents of the State for one year.

2. The state regulatory provisions here under attack include the following:

FAMILY SERVICES MANUAL of the West Virginia Department of Welfare:

§ 1410. Common Eligibility Requirements

Residence Defined.

Residence is that place where family members are living voluntarily and not for a temporary purpose, the place which they consider their home, and to which, when absent, they intend to return when the purpose of their absence has been accomplished. Residence is acquired and retained through a combination of physical presence and intent and persists as long as the family, having left the place, does not intend to remain permanently elsewhere. Residence once acquired, continues until abandoned.

§ 1420. Common Eligibility Requirements

Residence Requirements.

As a condition of eligibility, any person receiving public assistance must be

require a one-year residence in the State before an applicant is eligible to receive Aid to Families with Dependent Children, violate the privileges and immunities clause of the Fourteenth Amendment to the Constitution of the United States, their rights to equal protection and due process of law, and impede or chill the exercise of the right to travel freely among the various states. The plaintiffs further seek to enjoin the enforcement of these provisions.[3]

Plaintiffs moved to Wayne County, West Virginia, in August of 1967 from Columbus, Ohio, with hope that the father, Glendon Morrison, could obtain gainful employment. Having failed to secure such employment, on October 19, 1967 and again on January 6, 1968, the father made application to the Wayne County Department of Welfare for welfare assistance under the Aid to Families with Dependent Children, Unemployed Parent program, on behalf of his minor dependent child. Both of these applications were denied because of failure to meet the one-year residence requirement.[4]

After exhausting their administrative remedies the plaintiffs instituted this action on June 19, 1968, without prepayment of costs, at which time they moved for a temporary restraining order. This motion was heard and denied by the United States District Court for the Southern District of West Virginia on June 27, 1968. Thereafter, this three judge district court was convened pursuant to 28 U.S.C. § 2281 and the case came on for hearing on September 19, 1968. Final decision, however, was delayed by this court to await the outcome of litigation which was then pending before the United States Su-

preme Court involving statutory provisions similar to those here attacked.

On April 21, 1969, the Supreme Court held unconstitutional statutory provisions of Connecticut, the District of Columbia, and Pennsylvania which deny welfare assistance to residents of said States and the District of Columbia who have not resided within their respective jurisdictions for at least one year immediately preceding applications for assistance. Shapiro, Appellant v. Thompson; Washington, et al., Appellants v. Legrant, et al.; Reynolds et al., Appellants v. Smith, et al., 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969).

Initially, the Court held that this residence requirement created two classes of needy resident families indistinguishable from each other except that one is composed of residents who have resided a year or more, and the second of residents who have resided less than one year, in the jurisdiction; that based solely on this difference the statutory prohibition of benefits to residents of less than a year creates a classification which constitutes an invidious discrimination denying them equal protection of the laws.

It was further held in Shapiro etc., *supra*, that the statutory purpose of deterring the migration of indigents from one state to another state which offers greater welfare benefits is constitutionally impermissible because it has the effect of chilling the constitutional right to travel interstate. Neither is it a constitutionally permissible state objective to limit welfare benefits to only those who are regarded as having made some contribution to the community and to the economy of the state because the

a resident of West Virginia. West Virginia Residence may be gained by having lived in the state for one year. Exception: in the case of an infant less than one year old, residence will be considered to be the same as the person with whom the child is living.

3. Additionally the plaintiffs seek as damages the sums wrongfully withheld and to have costs awarded to them.

4. It appears that, subsequent to the institution of this action, plaintiffs met the one-year residence requirement in August 1968.

reduction of welfare costs and benefits cannot be an independent ground for an invidiously discriminatory classification.

Next, the court held that this residence requirement is not shown to promote a *compelling* governmental interest merely because it facilitates the planning of the welfare budget, provides an objective test of residency, minimizes the opportunity for recipients fraudulently to receive payments from more than one jurisdiction, or encourages early entry of new residents into the labor force.

Finally, in disposing of the argument that the challenge to the constitutionality of the one-year waiting-period requirement must fail because Congress has expressly approved the imposition of such requirement by the States as part of the jointly funded AFDC program by enacting section 402(b) of the Social Security Act of 1935, as amended, 42 U.S.C. § 602(b), the Court held that even if the federal statute approved or prescribed such residence requirement Congress has no power to authorize the States to violate the Equal Protection Clause, citing Katzenbach v. Morgan, 384 U.S. 641, 86 S.Ct. 1717, 16 L.Ed.2d 828 (1966).

■ Despite our inclination to uphold, if free to do so, the constitutionality of the West Virginia statutes and regulations here involved, we are compelled to follow and apply the determinations and pronouncements of the highest Court in the land. That Court has spoken. Therefore, upon the authority of Shapiro, etc., *supra*, we hold that those provisions of Chapter 9, Article 5, § 5(a) (4) and Chapter 9, Article 6, §§ 2 and 3 of the West Virginia Code, and all administrative regulations promulgated pursuant thereto, insofar as they prescribe a one-year residence requirement for eligibility to receive welfare assistance under the AFDC program, are unconstitutional and that the defendants, their officers, agents, servants and employees should be permanently enjoined and restrained by proper order of this court from enforcing and executing said provisions and regulations.

■ Although being of the opinion that the plaintiffs have standing to attack the constitutionality of the one-year residence requirement, since the sole reason assigned by the defendants for the denial of assistance was the failure of the plaintiffs to meet that requirement, we decline to consider an award to the plaintiffs of the requested damages in the nature of the benefits and assistance alleged to have been wrongfully withheld since, upon this record, we cannot determine that the withholding of relief was otherwise impermissible. Plaintiffs allege only that assistance was denied on the sole basis of the residence requirement but they neither allege nor carry the burden of showing that they were, in all other respects, eligible for relief.[5]

An order consistent with the views herein expressed will be entered.

---

5. The record reveals that the Department of Welfare has often denied relief on the basis of residence without proceeding further with the investigation of the eligibility of the applicant when the failure to meet the one-year residence requirement initially appeared.

As explained by L. L. Vincent, Commissioner, West Virginia Department of Welfare, "the normal procedure is that in making the determination when you reach the point that you have determined for this reason that the person is not eligible you do not necessarily proceed beyond that point. There may be other points that would cause the person to be ineligible as well."

In fact, it appears that the father, Glendon Morrison, at the time of filing application for assistance did not meet the eligibility requirement that he be currently registered for work with the Employment Security Office in his county of residence as provided by 42 U.S.C. § 607 (b) (2) (C) (i), the United States Social Security Act, and § 4550 of the West Virginia Family Services Manual.